Sean C. Chapman
Law Offices of Sean C. Chapman, P.C.
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Sean@seanchapmanlaw.com

Amy B. Krauss, Esq.
P.O. Box 65126
Tucson, AZ 85728
Telephone: (520) 400-6170
Arizona State Bar No. 013916
Amy.Krauss@azbar.org
Attorneys for Defendant-Appellant

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 17-50325 |
| | ) | |
| Plaintiff-Appellee, | ) | USDC No. 3:15-CR-1646-2 |
| | ) | |
| v. | ) | **THIRD MOTION FOR LEVEL 2** |
| | ) | **EXTENSION OF TIME TO FILE** |
| SAMUEL VELASCO GURROLA | ) | **OPENING BRIEF** |
| | ) | |
| Defendant-Appellant. | ) | |

Pursuant to Rules 26(b) and 31(a) of the Fed.R.App.P., and Fifth Circuit Rules 31.4.1, 31.4.2 and 31.4.3.2, counsel for Appellant Samuel Velasco Gurrola hereby move for an Order extending the time for filing the Opening Brief for 90 days, to March 21, 2018. Prior to filing this motion, undersigned counsel was unable to ascertain the position of the Assistant United States Attorney responsible for this matter, Joseph H. Gay, Jr.

Although the Court previously admonished counsel against further requests for extension of time, counsel submits that extraordinary circumstances exist justifying this motion. The extraordinary circumstances are as follows:

1) Appellant, who is serving the four life sentences imposed in this case and a concurrent 35-year sentence imposed in a separate case, is designated to the high security U.S. Penitentiary-Victorville, in Adelanto, California.

2) Appellant wishes to participate in the appellate process by reviewing the transcripts of his trial and sentencing, and consulting with counsel to identify the issues that will be raised in the Opening Brief.

3) To that end, materials relevant to the appeal (none of which were sealed in the District Court) were mailed to Appellant, on three occasions, however the Bureau of Prisons confiscated these packages and did not allow legal materials to reach Appellant.

4) Attached as Exhibit 1 is the Declaration of legal assistant Serena Lara, describing her efforts to mail legal materials to Appellant.

5) Attached as Exhibit 2 is a copy of the grievance filed by Appellant concerning BOP's interference with his possession of critical legal documents.

6) As of the filing of this Motion, a portion of materials were received by Appellant on November 4 and November 8. Counsel is optimistic that the remainder of the materials will reach Appellant this week or next week.

Appellant has a right, guaranteed by the Sixth Amendment to the U.S. constitution, to the assistance of counsel on appeal. *Crawford v. Beto*, 383 F.2d 604, 605 (5th Cir. 1967). Undersigned counsel did not represent Appellant in this case in the district court and therefore did not participate in the proceedings below. Appellant's first-hand knowledge of those proceedings is critical to the development and presentation of claims on appeal.

In addition, it is well-settled that prison officials' interference with an inmate's legal mail may violate both his constitutional right of access to the courts and his First Amendment right to be free from unjustified governmental interference with his communications. *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993). This is particularly evident where, as here, there is no reasonably-related, legitimate penological interest in denying the inmate's access to legal documents. *Id.* at 824; *see also Prison Legal News v. Livingston*, 683 F.3d 201, 215 (5th Cir. 2012).

Moreover, BOP's actions have contributed to Appellant's loss of confidence in his attorneys and a resulting breakdown in the attorney-client relationship, to the extent that Appellant is considering retaining different counsel to represent him in this appeal. Should that occur, another attorney will need additional time in order to prepare the Opening Brief.

The requested extension for 90-days to March 21, 2018, is necessary and reasonable due to the extraordinary circumstances described above, to provide

Appellant a meaningful opportunity to participate in the preparation of the Opening Brief and/or retain substitute counsel. In the meantime, however, undersigned counsel continue to exercise diligence with respect to preparing the Opening Brief in a timely manner.

RESPECTFULLY SUBMITTED this 16th day of November, 2017.

By: _/s *Amy B. Krauss*_
    Amy B. Krauss

By: _/s *Sean C. Chapman*_
    Sean C. Chapman
    Attorneys for Defendant-Appellant

## CERTIFICATE OF INTERESTED PERSONS

In accordance with Circuit Rules 27.4 and 28.2.1, I certify that the following individuals may have an interest in the outcome of this case. I make these representations in order that the members of this Court may evaluable possible disqualifications or recusal.

| | |
|---|---|
| District Judge: | Honorable David Briones |
| Appellant: | Samuel Velasco Gurrola |
| Counsel for Appellant: | Brock M. Benjamin, Esq. (Trial)<br>Sean C. Chapman, Esq. (Appeal) |
| Counsel for Co-Defendant<br>Emmanuel Velasco Gurrola: | Joseph D. Vasquez (Trial)<br>Ray Velarde, Esq. (Trial) |
| Counsel for Co-Defendant<br>Dalia Valencia: | Clay Hernandez, Esq. (Trial)<br>Robert R. Harris, Esq. (Trial) |

The United States Attorney                    Richard L. Durbin, Jr.
for the Western District of Texas:


Assistant U.S. Attorney
for the Western District of Texas:           Daphne Danille Newaz (Trial)
                                             John M. Gibson, Esq. (Trial)
                                             Joseph H. Gay, Jr., Esq. (Appeal)


## CERTIFICATE OF COMPLIANCE


This document complies with the word limit of Fed. R. App. P. 27(d) because this document contains 811 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared using a proportionally spaced typeface using Microsoft Word for Mac, Version 15.26, in 14 point New Times Roman font.


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Joseph H. Gay, Jr., Assistant United States Attorney for the Western District of Texas via electronic mail.


By:   /s/ *Amy Krauss*

# EXHIBIT "1"

*US v Samuel Velasco Gurrola* – **Case No.: 17-50325**

**APPELLANT'S THRID MOTION FOR LEVEL 2 EXTENSION OF TIME
TO FILE OPENING BRIEF**

DECLARATION OF SERENA LARA

I, Serena Lara, hereby declare and state as follows:

1. I am the legal assistant to Sean C. Chapman of the Law Offices of Sean C. Chapman, 100 N. Stone Avenue, Suite 701, Tucson, AZ 85701.

2. One of my responsibilities as legal assistant is to communicate with clients and provide them, whenever possible, with case materials that they request.

3. I am familiar with Samuel Velasco Gurrola. Mr. Chapman was one of the lawyers who represented Mr. Gurrola in a case prosecuted in the District Court for the Western District of Texas, United States v. Samuel Gurrola, EP-15-CR-1646.

4. Following the conclusion of that case, Mr. Chapman filed a Notice of Appearance for this appeal, Fifth Circuit Docket No. 17-50325.

5. On or about mid-August, 2017, Mr. Gurrola requested that I send him the transcripts of his trial and sentencing. I responded within a few days by sending those materials to Mr. Gurrola, in a package clearly marked "LEGAL MAIL," at USP-Victorville.

6. On August 23, 2017, I mailed a box containing Mr. Gurrola's legal documents via Priority mail. The box was large and the cost to mail these documents was $19.73.

7. On or about August 28, 2017 the large box of documents was returned as undeliverable.

8. On September 7, 2017, I re-mailed the same box containing Mr. Gurrola's legal documents, again using Priority mail.

9. On or about September 11, 2017 the large box of documents was returned as undeliverable.

10. Shortly thereafter, Mr. Gurrola advised me that he spoke to his Case Manager, Mr. Salcido, who advised Mr. Gurrola to have me mail the box to Mr. Salcido's attention.

11. On October 10, 2017 I again mailed the same box containing Mr. Gurrola's legal documents to the attention of Mr. Salcido, via Priority mail.

12. On or about October 12, 2017 the large box of documents was returned as undeliverable.

13. During the times that I attempted to mail Mr. Gurrola his legal documents, he called asking for a status on getting the documents to him. I advised him that the box keeps getting returned to us as undeliverable. We also received a form on one of the boxes indicating that Mr. Gurrola failed to obtain an authorized BP-331, Authorization to Receive Package or Property. When I asked Mr. Gurrola if he obtained this authorization he explained that he has been doing all that he can to be able to receive legal mail from

our office. He also advised that he was having trouble receiving and sending email.  He advised that he would be filing a grievance against the prison.

14. On or about November 2, 2017, Mr. Gurrola called our office and advised that the prison informed him that he should not have any issues receiving legal mail from our office. He also advised that he could communicate with our office via email through Corr-Links.

15. On November 2, 2017, I mailed two packages that contained Mr. Gurrola's legal documents, in one pound increments, to Mr. Gurrola.

16. On November 3, 2017, I mailed two packages that contained Mr. Gurrola's legal documents, in one pound increments, to Mr. Gurrola.

17. On or about November 4, 2017 Mr. Gurrola called to advise me that he received both packages.  I advised him that I would be mailing the remainder of his legal documents in one pound increments.

18. On or about November 7, 2017, our office received the grievance paperwork filed by Mr. Gurrola against the prison.

19. On or about November 8, 2017 Mr. Gurrola called to advise me that he received both packages that I mailed on November 2, 2017.

20. On November 14, 2017, I mailed five packages that contained Mr. Gurrola's legal documents, four of those packages were in one pound increments, with the last package that weighed only a few ounces, to Mr. Gurrola.

21. On or about November 14, 2017 Mr. Gurrola called our office and I advised him that I mailed 5 packages to him.  I asked that he please let us know when he received those packages.  Mr. Gurrola also confirmed that he received the packages I mailed on November 3, 2017.

22. As of this date, Mr. Gurrola is still waiting to receive the last five packages of documents that I mailed to him on November 14, 2017.

I declare the foregoing to be true to the best of my knowledge and recollection.

DATED this 16th day of November, 2017.

_Serena Lara_

Serena Lara

# EXHIBIT "2"

*US v Samuel Velasco Gurrola* – **Case No.: 17-50325**

**APPELLANT'S THRID MOTION FOR LEVEL 2 EXTENSION OF TIME
TO FILE OPENING BRIEF**

ATTORNEY

Federal Bureau of Prisons    10-24-2017

Central Office

General Counsel

320 First St. NW

Washington, D.C. 20534


Re: ENCLOSED-Copies of Complaint


Dear General Counsel,

Please find enclosed for review, the copies of a complaint being addressed to the Western Region Office.

In brief, the USP Victorville, officials are hindering, and frustrating communication with the Attorney on my Direct Appeal.

The Appeal is due in the Fifth Circuit in about two months.

Thus far the mailroom, has REJECTED all the case files, and transcripts Attorney Sean C. Chapman has sent, so I may assist in the appeal.

Also, in conjunction with the frustration of NOT RECEIVING CASE FILES AND TRANSCRIPTS, all effort to get E-MAIL access, or additional TELEPHONE MINUTES, has been for naught.

As Counsel for the F.B.O.P., surely your office recognizes the significance, and liability this hindrance exposes the Government to for the violation of my rights.

Please advise the USP Victorville Executive staff, and assist with an immediate halt to the stifling of my legal activity. Thank you in advance.

Sincerely,

Samuel Gurrola-Velasco #51956-380

United States Penitentiary Victorville

P.O. Box #3900

Adelanto, C.A. 92301

ATTORNEY

FEDERAL BUREAU of PRISONS

WESTERN REGION OFFICE

General Counsel-

7338 Shoreline Dr.

Stockton, C.A. 95219


Re: USP VICTORVILLE, ATTORNEY COMMUNICATION


Dear Counsel,

The U.S.P. Victorville Administration, has been
interfering with the Attorney-Client communication, on my
direct appeal.

Please provide direction, and instruct the USP
Victorville Officials, on proper Policy administration, to
HALT the hindrance of communication with my Attorney, on
Direct Appeal.

Enclosed are copies of evidence, and immediate BP-8's
being filed as an attempt of resolution in administrative
remedy.

The Unit Team and Administration or Trustfund officials
at USP Victorville, have not been diligent and for over two
months have not provided any effort to provide access.

Three issues are requested:

1)   As evidenced in the enclosed exhibits: BP-A0328's the
TRANSCRIPTS-DOCUMENTS sent from the LAW OFFICE of SEAN
CHAPMAN P.C. have been "REFUSED AND RETURNED, by the R&D
Mailroom staff. The action of A. Rivera and S. Casey, is an
"injury in fact", obstructing the ATTORNEY-CLIENT
COMMUNICATION, in violation of FBOP POLICY #5800.16 MAIL

MANAGEMENT MANUAL, and POLICY # 5265.14 CORRESPONDENCE.

The transcripts and legal documents from my Attorney Sean Chapman, are clearly LEGAL MAIL or SPECIAL MAIL. NO REJECTION OR BP-A0328 "PACKAGE REFUSAL" should issue.

F.B.O.P. Policy #1315.07 LEGAL ACTIVITIES and the definition in 28 C.F.R. 540.18, clearly identify the TRANSCRIPTS and DOCUMENTS from attorney of the record as "LEGAL MAIL", not a "package" requiring prior approval of the Administrative staff in prison.

The hindrance and impediment to my direct appeal from the trial court:

USA v GURROLA #EP:15-cr-339(2)DB

is not only a direct act of negligence and violation of FBOP POLICY, but actionable as a TORT under 28 USC 1346(b), or a BIVENS suit, for deliberate indifference to my First and Sixth amendment rights, on appeal.

The added cost to myself and the Attorney for time, material, copies, postage, and frustration is very valuable. Please avoid further cost.

Grounds for denial of Attorney correspondence are stated clearly in 28 C.F.R. 540 subpart B.

Please HALT, any further hindrance, and denied access to attorney client communication and case files.


2) NO EMAIL ACCESS is provided, and communication with Attorney is DENIED.

Prior to contacting this Western Region Office, over the last two months; I have spoken with TRUSTFUND Mr. Lanclose, and communicated electronically with him in the

institution. BP-148 "Copouts" to Unit Team, or communication with Mr. Perez Unit manager, Salcedo Case manager, recently on about 10-20-2017, have not resolved the problem.

Mr. Salcedo, said he has sent the "memo" to the Warden and signed approval was given, but I DO NOT HAVE E-MAIL access yet.

The E-mail is needed to more efficiently communicate with counsel and for conveying issues on the case for appeal. The Appeal is due in just two months! This Prison has taken over two months already, and not resolved the matter, after requesting e-mail.

F.B.O.P. Policy #4500.11 Section #14, TRUSTFUND provides for e-mail with attorneys. Please direct and instruct the USP Victorville executive staff on proper procedure, and provide e-mail for my attorney.

The electronic record of communication with USP Victorville staff, evidences on 9-24-2017 request sent to Unit manager Perez. On 10-7-2017 another request to Perez. On 10-18-2017, a request sent to TRUSTFUND Mr. Lanclose; and on 9-15-2017 also with a RESPONSE FROM LANCLOSE on 9-18-2017. The response from Mr. Lanclose stated a MEMO to the WARDEN was needed, and to see the Unit Team. I have fullfilled all these needed requirements, and it is over a month later. The Direct Appeal to the US Fifth Circuit Court is due in just two months. Over Two month of the preparation time has been wasted, frivolously waiting on the USP Victorville staff. Please provide more access, to communicate with counsel.

3) TELEPHONE MINUTES ARE NEEDED to communicate with counsel

of the record, on Direct Appeal.

F.B.O.P. Policy #5264.08 Section #10, INMATE TELEPHONE issues have not been resolved.

Prior to contacting this Western Region Office, I have submitted BP-148's "Cop-out" and spoken with Case Manager Salcedo, and Unit Manager Perez. They have indicated approval of more telephone minutes is being made. But, In over two weeks, NO ACTION YET.

Please provide more access, and do not whittle away any of the valuable time remaining on the pending appeal, due in two months.

Thank you in advance for your time, and interest. Any and all assistance with accomplishing the three issues stated above: 1) REJECTED LEGAL DOCUMENTS 2) EMAIL DENIED 3) EXTRA PHONE MINUTES; to effectively communicate with counsel on appeal, will be greatly appreciated.

SWORN AS TRUE UNDER 28 U.S.C. 1746
On this date: 10-24-2017

Respectfully submitted,

Samuel Gurrola-Velasco #51956-380
United States Penitentiary Victorville
P.O. Box #3900
Adelanto, C.A. 92301

cc: OIG/WARDEN/FILE/ATTORNEY CHAPMAN

BP-A148.055
JEP 98

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and title of Staff Member) CASE MANAGER | DATE: 9/19/2017 |
|---|---|
| FROM: SAMUEL GURROLA | REGISTER NO.: 51956380 |
| WORK ASSIGNMENT: N/A | UNIT: 5B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

IF POSSIBLE I WOULD LIKE TO
HAVE EXTRA MINUTES FOR MY LEGAL
MATTERS. IT IS VERY IMPORTANT APPEAL IS DUE
ON DECEMBER       THANK YOU

PLEASE

(Do not write below this line)

DISPOSITION:

. DENIED UNTIL PROOF OF PENDING PROCEEDINGS IS
PROVIDED AND A REVIEW OF RECENT PHONE ACTIVITY.

Signature Staff Member        FOR                        9/25/17

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

COPY

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        **SECTION 6**

*Special legal mail*

VIX 1330.17
10/11/2012
Page 4

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

### INSTITUTION (CIRCLE ONE) FCI I   FCI II   USP   CAMP

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in $542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

1. Complaint and resolution you expect: Allow all legal files or materials needed, to assist, and prepare the Appeal, from trial. DEADLINE, in Two months, and I have NO PAPERWORK, because the "R&D" Mailroom, has **rejected** the "SPECIAL MAIL", ascerting it was not "PROPERLY MARKED AS LEGAL", and "NO PACKAGE AUTHORIZATION ON FILE" (see attached ).

2. Efforts you have made to informally resolve: For over **two months** I've been trying to resolve this issue, interfering with my case, or attorney - client communication, and "injury in fact". Zepeda, Unit.Mng Perez, Cisneros, and others have been contacted.

| Inmate's Name/Signature | 51956-380 | 10-23-2017 |
|---|---|---|
| | Reg. No. | Date |

*******************************************************************************

### FOR STAFF USE ONLY

| Date Form Issued | Date Form Returned | BP-9 Issued | BP-9 Returned |
|---|---|---|---|

Steps taken to resolve complaint and conclusion: _____

_____

_____

_____

_____

_____         _____
Counselor Signature                Date

Unit Manager's Comments: _____

_____

_____

_____         _____
Unit Manager Signature             Date

**Distribution:** If complaint is <u>NOT</u> informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

BP-8 Supplement:                          Samuel Grrola-Velasco #51956-380

The USP Victorville R&D Mailroom, staff have **rejected** vital **attorney-client communication (Transcripts-documents)** on three occasions. The CSO- A. Rivera, or S. Casey, issued BP-AO328 "package refusal" on these dates: <u>8-28-2017</u> **and** <u>9-11-2017</u> also 10-12-2017.

The sender as marked on the <u>BP-AO328</u>, is clearly my **Attorney:**

LAW OFFICE OF SEAN CHAPMAN
100 North Stone Ave. Suite #701
Tucson, AZ 85707

====================================

F.B.O.P. Policy Statement <u>#5265.14</u> <u>Section</u> <u>#2</u> <u>Definitions</u>, state that; "General correspondance includes ... incoming/outgoing correspondance, <u>other</u> <u>than</u> <u>special</u> <u>mail</u>."

F.B.O.P. <u>Policy</u> <u>Statement</u> <u>#5800.16</u> <u>Section</u> <u>#3.9</u>  **"MAIL MANAGEMENT MANUAL"** and **<u>Title</u> <u>28</u> <u>C.F.R.</u> <u>540</u>**, define "Special Mail", as including **"Attorneys"**.

The Program Statement, does define the incoming Attorney Client Mail, including <u>Transcripts</u> <u>&</u> <u>Pleadings</u> relevant to the ongoing Direct Appeal as **"<u>Legal</u> <u>Mail</u> that shall be opened [handled] in accordance with special mail proceedures. (see 28 C.F.R. 540.18)**

**Subsection (c) of the Policy; sets forth "Grounds for the limitation or denial of an attorney's correspondance...stated in part 543, subpart B. If such action is taken, the Warden shall give written notice to the attorney and the inmate effected.**

Since the F.B.O.P. Policy **"<u>IN/OUT</u> <u>PROCESSING</u> <u>REQUIREMENTS</u> <u>FOR</u> <u>LEGAL</u> <u>MAIL</u>"** give notice to the staff that "Delivery time is essential in the filing of court documents or other legal papers..." gross negligence or fully deliberate indifference to this grievants First and Sixth Amendment rights is evidenced, when R&D Mailroom staff S. Casey / A. Rivera **<u>RETURN</u> <u>TO</u> <u>SENDER</u>**, the obvious Attorney-client "special mail" and transcripts-documents.

The pending Appeal in the Fifth Circuit Court: <u>USA</u> **v.** <u>GURROLA</u> EP:**15-cr-339(2)DB** is being irreprably harmed by the F.B.O.P. USP Victorville hinderance and impedement to Attorney-Client communications.

My ability to assist in my own defense under the Sixth Amendment and for Communication with Counsel under the First Amendment, is denied by this action. An "injury in Fact" to the Attorney-client priveledge is evidenced. cf/ <u>KOWALSKI</u> **v.** <u>TESMER</u> 543 U.S. 125, 139 N3 (2004)

**Resolution requested: <u>HALT</u> <u>all</u> <u>interferance</u> <u>with</u> <u>reciept</u> <u>of</u> <u>case</u> <u>files</u>, <u>for</u> <u>my</u> <u>appeal</u>.** ... <u>Thank</u> <u>you</u> <u>in</u> <u>advance</u> <u>for</u> <u>your</u> <u>time</u>.

Sworn as true under **<u>Title</u> <u>28</u> <u>U.S.C.</u> <u>1746</u>**
On this date: 10-23-2017                Samuel Gurrola-Velasco
                                        # 51956-380

cc: file/OIG/Western Region Counsel
    Attorney-Sean C. Chapman P.C.

VIX 1330.17
10/11/2012
Page 4

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

## INSTITUTION (CIRCLE ONE) FCI I    FCI II    USP    CAMP

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

1. Complaint and resolution you expect: NO EMAIL, or TRULINKS ELECTRONIC COMMUNICATION is being allowed, or it is not activated at USP Victorville. Immediatly activate my E-MAIL ACCOUNT via TRULINKS-CORELINKS Access. Currently my **Direct Appeal** is pending, and due in about 2 months. The lack of E-MAIL access, is stifling my communication, and defense.

2. Efforts you have made to informally resolve: Prior to filing my instant informal resolution request, the Unit Team (ZEPEDA, and PEREZ) were contacted via email to staff, BP-148 (Cop-out) in person. My attorney and others have asked me to communicate via e-mail.

| Inmate's Name/Signature | #5196-380 | 10-23-2017 |
|---|---|---|
| | Reg. No. | Date |

*************************************************************************

### FOR STAFF USE ONLY

| Date Form Issued | Date Form Returned | BP-9 Issued | BP-9 Returned |
|---|---|---|---|

Steps taken to resolve complaint and conclusion: _____

_____

_____

_____

_____

Counselor Signature                    Date

Unit Manager's Comments: _____

_____

_____

Unit Manager Signature                    Date

**Distribution:** If complaint is NOT informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

VIX 1330.17
10/11/2012
Page 4

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

# INSTITUTION (CIRCLE ONE) FCI I   FCI II   USP   CAMP

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

1. Complaint and resolution you expect: Provide ample, additional Telephone Minutes, as previosly requested through the Unit Team, or executive staff. The added Phone minutes will eliviate any need to burden the 5-B Team, from contacting Attorney, on Appeal.

**Note:** The Direct Appeal is due in 2months; I've been asking since August

2. Efforts you have made to informally resolve: Prior to filing the instant "request for administrative remedy", this grievant has been asking Unit Team, Unit Manager Perez, Counselor Zepeda, also Cisneros, and Yrustfund Mr. lanclose, via BP-148 (copout) Email, or personally.

| Inmate's Name/Signature | #51956-380 | 10-23-2017 |
|---|---|---|
| | Reg. No. | Date |

*************************************************************************

| FOR STAFF USE ONLY | | | |
|---|---|---|---|
| Date Form Issued | Date Form Returned | BP-9 Issued | BP-9 Returned |

Steps taken to resolve complaint and conclusion: _____

_____

_____

_____

| Counselor Signature | Date |
|---|---|

Unit Manager's Comments: _____

_____

_____

| Unit Manager Signature | Date |
|---|---|

**Distribution:** If complaint is <u>NOT</u> informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) LANCLOSS | DATE: 11/19/2017 |
|---|---|
| FROM: SAMUEL GURROLA | REGISTER NO.: 51956380 |
| WORK ASSIGNMENT: KITCHEN/BAKERY | UNIT: 5B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

I WOULD LIKE TO REQUEST EMAIL
ACCOUNT BE SET UP.
I SPOKE TO MR. SALCIDO AND
HE ALREADY SUBMIT IT THE MEMO
REQUEST IT BY YOUR DEPARTMENT
(Do not write below this line)                    THANK YOU,

DISPOSITION:

Signature Staff Member          COPY

SALCIDO 10/20/17

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy Folder          **SECTION 6**